## Moore v. Keystone Macaroni Manufacturing Company et al. (No. 2)

*Bickel & Ehrgood*, for plaintiff.

*E. D. Siegrist, C. M. Seltzer* and *Thomas B. K. Ringe*, for defendants.

EHRGOOD, P. J., January 26, 1952.—Plaintiff filed a bill of complaint as a minority stockholder of defendant corporation to restrain it from paying a salary of $20,000 a year to Raymond Guerrisi, as vice president, to which office he was duly elected on September 15, 1950, alleging, inter alia, said salary to be unreasonable. The bill of complaint alleges that prior to September 15, 1950, Raymond Guerrisi received a salary of $5,200 a year for performing substantially the same services. The bill of complaint charges "overreaching". Preliminary objections were filed to the bill of complaint by all defendants. These preliminary objections were later overruled and denied by this court adversely to defendants.

Several months after the filing of the bill of complaint, plaintiff filed a petition for a preliminary or

special injunction to preserve the status quo, averring that unless this relief is granted by the court, *if* defendant corporation continues to pay to Raymond Guerrisi, vice president, as aforesaid, the salary of $20,000 per year, and he dissipates the same, upon final adjudication his financial situation would be such that the moneys would not be recoverable, and a decree would accordingly be nugatory, particularly as a considerable time *may elapse* before the matter is finally adjudicated.

Plaintiff's bill of complaint also prays for a decree which would require defendant directors, jointly and severally, in the event of failure to collect from defendant, Guerrisi, to restore to the corporation any sums which might be found to be improperly paid to him. The petition for a special injunction does not allege that defendant directors are not persons of substantial financial responsibility.

Defendant Guerrisi filed an answer to plaintiff's petition for a preliminary or special injunction.

The motion of the directors of September 15, 1950, under which defendant, Guerrisi, was elected vice president and his salary fixed in the sum of $20,000 per year, was for the ensuing year.

A hearing was held on the bill of complaint, and the answer, at which the court limited the testimony to the matter of the election of defendant Guerrisi as vice president; the amount of salary to be paid to him for his services as such vice president; and the financial responsibility of defendant Guerrisi.

·It appeared, inter alia, from testimony, that the defendant Guerrisi is receiving a salary of $1,666 per month and in addition thereto a bonus of $750, paid in December of 1950. It appeared from the testimony that the action taken as to the election and amount of salary to be paid to defendant Guerrisi was the unan-

imous action of the board of directors. It also appeared that for years prior thereto bonuses were paid to salaried employes, salesmen and the officers of the company, dependent upon the earnings of the company. It also appeared that there was a former resolution on the minute books of the company that if business conditions do not warrant it, the salary of the officers of the company can be reduced.

It also appears from the evidence that defendant Guerrisi is 33 years of age, that he is possessed of personal property of between $8,000 and $9,000, and has a vested remainder interest, subject to a spendthrift trust, in his father's estate, of approximately $15,000. He is not indebted except for current expenditures, and is a person of good character and reputation in this community.

On September 13, 1951, a stipulation was filed between counsel for plaintiff and counsel for defendants that Guerrisi, as vice president of the company, has received from the company since February 8, 1951, the date of the hearing, up to and including September 13, 1951, the sum of $11,666.62 as salary as such vice president.

Under the pleadings and evidence produced we make the following

*Findings of Fact*

1. Petitioner, plaintiff in this proceeding in equity, is a minority stockholder of defendant corporation.

2. The proceeding is a minority stockholder's action brought to enjoin and restrain defendant company from paying to defendant Raymond Guerrisi the sum of $20,000 a year as vice president of the company, and to recover from the company, and the other defendants as directors, including defendant Guerrisi, moneys paid to him in excess of an amount determined to be fair and reasonable compensation for his services.

3. The bill of complaint was duly served on all defendants, all of whom are represented by counsel, who entered their appearances; and all defendants filed preliminary objections to the bill of complaint.

4. The preliminary objections to the bill of complaint have heretofore been denied and overruled by this Court.

5. The bill of complaint attacks the salary of Raymond Guerrisi as vice president of the corporation fixed on, to wit, September 13, 1950, by the board of directors at $20,000 a year, as unreasonable, excessive and disproportionate to the value of his services to the corporation; further alleging that prior to the action of the board of directors defendant Guerrisi received a salary of $5,200, as treasurer of the company and, further, is rendering substantially the same services as he rendered prior to his election as vice president of the company.

6. Plaintiff in the bill seeks a permanent injunction to restrain the corporation from paying to defendant Guerrisi $20,000 for the ensuing year from September 15, 1950, and prays this court to determine what amount constitutes a reasonable salary for the services performed by defendant.

7. Plaintiff filed a petition for a special or preliminary injunction to preserve the status quo while the matter of the preliminary objections to the complaint is pending before the court and which has now been determined.

8. On September 15, 1950, defendant Guerrisi was elected vice president by unanimous action of the board of directors of the company, for the ensuing year, and his salary was fixed at $20,000 a year.

9. From September 15, 1950, the date of the hearing on the matter of the application for the preliminary injunction on September 8, 1951, defendant

Guerrisi received from the corporation the sum of $7,497 as salary and in addition thereto a bonus of $750 in December 1950, or a total sum of $8,247.

10. By stipulation of counsel filed in this proceeding, it was agreed that defendant Guerrisi is vice president of the corporation, has received since February 8, 1951, the additional sum of $11,666.62 as salary for services rendered to the corporation as such vice president.

11. Defendant Guerrisi at the time of the hearing, had assets and personal property in the total amount or sum of approximately $8,950.83, and a vested remainder interest in the trust fund under his father's will, subject to a spendthrift trust, of approximately $15,000.

## Discussion

Plaintiff contends that she is entitled to the relief prayed for by virtue of the Acts of June 16, 1836, P. L. 784, par. 13, and February 14, 1857, P. L. 39, which vest in the court of common pleas the jurisdiction of courts of chancery as relates, inter alia, to "the prevention or restraint of the commission or continuance of acts contrary to law, . . . or the rights of individuals". Also, under Equity Rule 38, which provides for the granting of preliminary injunctions; and Equity Rule 40, which provides that special injunctions may be granted at any stage of the proceedings whenever it is necessary to preserve the status quo, upon proper cause shown. Defendant is not questioning the jurisdiction of the court but contends that plaintiff's petition for a preliminary or special injunction merely alleges speculative injury; that defendant Guerrisi is the owner of substantial property and a person of responsibility and integrity, and that the other defendant directors are persons of responsibility and integrity and the owners of substantial property.

Defendant cites Pennsylvania Co., etc., et al. v. Sun Co., 290 Pa. 404, 409-10, which holds:

"If the injury be doubtful, eventual, or contingent, equity will not grant relief: . . . The fact that it might possibly work injury is not sufficient."

Plaintiff's petition does not aver that either plaintiff or defendant corporation will necessarily suffer any injury if a special injunction is not granted. Plaintiff's petition avers that such injury *may occur*. In paragraph 15 thereof it avers *if* certain things occur or be true (namely, further payment of salary to defendant Guerrisi at the present rate, his dissipation of the same, and his financial condition as averred in the petition) a final decree directing defendant Guerrisi to repay any part of his salary to the corporation *"may"* be nugatory and the moneys uncollectible. We are of the opinion that these averments do not constitute a claim of an immediate threat of irreparable injury but are merely an expression that a possible injury might occur. Under the testimony produced it does not appear what additional duties are to be performed by defendant Guerrisi as vice president of the company, in addition to the duties he performed as treasurer and salesman, but it seems clear to this court that additional executive duties and responsibility are placed upon him by virtue of his election as vice president. That being so, it also seems clear to the court that he is entitled to more compensation than the $5,200 which he received before his election as vice president. Just how much additional compensation will depend upon the pertinent and relevant testimony which will be produced by all parties to the action at the time of the final hearing. Furthermore, the evidence indicates that defendant Guerrisi possesses personal property, consisting of cash, stock, investments, cash surrender value insurance and other articles in

the sum of $8,953.80, and in addition thereto a remainder interest in a trust fund created by his deceased father, under a spendthrift trust, of approximately $15,000. He owes but current debts and is a person of good character and reputation. In addition thereto claim is made in the bill of complaint against the other defendant directors, who are persons owning substantial property and of responsibility and integrity, in the event that defendant Guerrisi would not reimburse the company for any payments or compensation in excess of an amount which may be determined by the court, after final hearing, as being reasonable and full compensation to defendant Guerrisi for the services which he renders to defendant company.

This court is of the opinion that plaintiff has failed to show a right to a preliminary or special injunction, which is clear both on the law and the facts, nor that it is necessary to maintain the status quo in order to avoid the danger of irreparable injury. In Camenisch, et al. v. Allen et al., 351 Pa. 257, it was held: "A preliminary injunction is properly refused where the proofs submitted do not present a clear case in which the plaintiff's right is unquestionable." (Syllabus.)

In Vincent Horwitz Company, Inc., v. Cooper et al., 352 Pa. 7, 11, the Supreme Court of Pennsylvania adopted the language of President Judge Patterson as follows:

"The plaintiff has failed to show a right to enjoin the defendants, which is clear both on the law and the facts, or that it is necessary to maintain the status quo in order to avoid the danger of irreparable injury."

### Conclusions of Law

1. This court has the power to protect the rights of minority stockholders by preliminary injunction under Rule 38 of the Rules of Pennsylvania Equity Practice.

2. This court has the power to grant a special injunction whenever it is necessary to preserve the status quo under Rule 40 of Pennsylvania Equity Practice.

3. This court has jurisdiction under its general equity powers to enjoin the payment of illegal salaries to officers of a corporation.

4. Petitioner plaintiff has failed to show a right to preliminary or special injunction, which is clear both on the law and the facts, or that it is necessary to maintain the status quo in order to avoid the danger of irreparable injury.

## Decree

And now, to wit, January 26, 1952, it is hereby ordered and decreed that the prayer of the petition of plaintiff petitioner, praying for a special or preliminary injunction to preserve the status quo and that defendant corporation be restrained from making further payments to defendant Guerrisi, on account of his salary of $20,000 a year pursuant to the resolution electing him to office and fixing his compensation at that sum for the ensuing year is hereby denied. The prothonotary is directed to enter the foregoing decree nisi and give notice to the counsel of record of the parties to this proceeding of the entry of the decree.

Plaintiff's request for findings of fact 1 to 13, inclusive, is approved and incorporated in the court's findings of fact. Plaintiff's findings of fact 14, 15 and 16 are refused. These findings of fact are hereby directed to be filed with the records of this proceeding. Plaintiff's request for conclusions of law 1, 2, and 3 are affirmed and are adopted in the conclusions of law set forth by this court. Plaintiff's request for conclusions of law 4 and 5 is refused. Plaintiff's conclusions of law are hereby directed to be filed with the records of the above proceeding.